IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARY A. RAY, | ) |
|     Plaintiff, | ) |
| vs. | )   No. 3:13-CV-2878-N-BH |
| | ) |
| DON HILL, et. al, | ) |
|     Defendants. | )   Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be **DISMISSED** as frivolous. Plaintiff should also be admonished that, should he continue to file frivolous lawsuits in this Court, he may be sanctioned and barred from filing any further cases *in forma pauperis* or without leave of the court.

**I. BACKGROUND**

On July 23, 2013, Cary A. Ray (Plaintiff) filed this action against former Dallas City Council member Don Hill, attorney Ray Jackson, and numerous other persons and places of business. He asserts that Hill and Jackson have been contacting local businesses and bribing people at those establishments to murder him, which has resulted in death threats against Plaintiff from people at local businesses, from the manager of his apartment complex, and from DART police officers. (Compl. at 6-9). His prior civil complaints have been dismissed as frivolous. *See Ray v. Texas State Judge, et. al*, 3:02-cv-2533-H (N.D. Tex. Feb. 3, 2003); *Ray v. Godbey*, 3:07-cv-1208-P (N.D. Tex. Dec. 7, 2007); *Ray v. 1 Black Dallas Police, et. al*, No. 3:10-cv-2633-M (N.D. Tex. July 21, 2011).

**II. PRELIMINARY SCREENING**

Because Plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides for *sua*

*sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff claims that certain people have bribed various businesses and individuals to murder him, resulting in his receipt of numerous death threats. Under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. at 32-33. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Plaintiff's claims lack an arguable basis in fact because they are based on a fantastical or delusional scenario. *See Neitzke*, 490 U.S. at 327-28; *Kolocotronis v. Club of Rome*, 109 F.3d 767 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world). This action should be dismissed as frivolous.

### III. RECOMMENDATION

This action should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff should also be **ADMONISHED** that, should he continue to file frivolous lawsuits in this Court, he may be sanctioned and barred from filing any further civil cases *in forma pauperis* or without leave of the court.

**SIGNED this 24th day of July, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE